**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEE WENDELL RIELS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DANIEL PARAMO, Warden,[1]<br><br>　　　　　Respondent. | Case No. EDCV 16-1772-CAS (JPR)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND ADMINISTRATIVELY CLOSING CASE |

On August 18, 2016, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the 36-years-to-life prison term imposed upon him in 1995 following his conviction for robbery with use of a deadly weapon. (Pet. at 2 (listing "[c]onviction on which the petition is based").) This is not Petitioner's first federal habeas petition, however. On December 13, 1999, the Court denied as untimely his second federal petition challenging the same conviction and sentence.

---

[1] The docket reflects Respondent's first name as "Danial." It is spelled "Denial" in the caption of the Petition. The actual spelling is "Daniel," see "Richard J. Donovan Correctional Facility," Cal. Dep't Corr. & Rehab. Inmate Locator, http://www.cdcr.ca.gov/Facilities_Locator/RJD.html (last visited Aug. 23, 2016), and the docket should be so corrected.

See Riels v. Small, No. EDCV 99-115-RT (RZ) (C.D. Cal. Dec. 13, 1999) (order accepting magistrate judge's report and recommendation).[2] The denial of a habeas petition as untimely constitutes a decision on the merits. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (holding that dismissal of habeas petition as untimely constitutes disposition on merits and that later petition challenging same conviction would be second or successive).

The Antiterrorism and Effective Death Penalty Act provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the

---

[2] Petitioner's first federal petition was dismissed without prejudice because he had not yet exhausted his state remedies. See Riels v. Prunty, No. EDCV 97-0226-RT (RZ) (C.D. Cal. May 13, 1998) (order accepting magistrate judge's report and recommendation). His third federal petition was summarily dismissed because he had not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition. See Riels v. Pliler, No. EDCV 02-1382-LGB (RZ) (C.D. Cal. Jan. 13, 2003) (order summarily dismissing petition).

```
                exercise of due diligence; and
                   (ii) the facts underlying the claim, if proven and
                   viewed in light of the evidence as a whole, would
                   be sufficient to establish by clear and convincing
                   evidence that, but for constitutional error, no
                   reasonable  factfinder  would  have  found  the
                   applicant guilty of the underlying offense.
          (3)(A)  Before  a  second  or  successive  application
             permitted by this section is filed in the district court,
             the applicant shall move in the appropriate court of
             appeals for an order authorizing the district court to
             consider the application.
```
28 U.S.C. § 2244(b).

The pending Petition is successive within the meaning of § 2244(b) because it challenges the same conviction as the petition in <u>Small</u> (and in <u>Pliler</u>). Under § 2244(b), then, Petitioner was required to secure an order from the Ninth Circuit authorizing the filing of this successive Petition before he filed it. <u>See</u> <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam). The Court's review of the Ninth Circuit's docket indicates that the last time Petitioner asked the Ninth Circuit for permission to file a successive petition was in 2007, and the court denied his request a few months later. <u>See</u> <u>Riels v. Horel</u>, No. 07-75073 (9th Cir. Mar. 11, 2008) (order denying request for leave to file successive petition).

The Petition is therefore SUMMARILY DISMISSED without prejudice to its refiling should Petitioner obtain the necessary permission from the Ninth Circuit; the Clerk is directed to

administratively close this case.[3] See R. 4, Rs. Governing § 2254 Petitions in U.S. Dist. Cts. ("If it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition.").

DATED: August 25, 2016

*[signature: Christina A. Snyder]*
CHRISTINA A. SNYDER
U.S. DISTRICT JUDGE

Presented by:

**JEAN ROSENBLUTH**
Jean Rosenbluth
U.S. Magistrate Judge

---

[3] Ninth Circuit Rule 22-3(a) authorizes a judge to "refer" a habeas petition to the Ninth Circuit when it was "mistakenly" filed in district court, but nothing about Petitioner's latest Petition indicates that he intended to file it in the Ninth Circuit. Accordingly, the Court declines to refer or transfer the Petition to the Ninth Circuit.